## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03421 RBJ

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

Plaintiff,

v.

**ARTHUR J. GALLAGHER & CO.,**

Defendant.

---

### CONSENT DECREE

---

### I. RECITALS

1.      This matter was instituted by Plaintiff, the Equal Employment Opportunity Commission, an agency of the United States government, alleging that Defendant Arthur J. Gallagher & Co. ("Gallagher") violated Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the American with Disabilities Act (the "ADA"), as amended, by subjecting Charging Party Yu "Rex" Noda to religion and disability discrimination. This matter shall be known hereinafter as the "Lawsuit."

2.      Gallagher denies the allegations of Charging Party and specifically denies any violation of law or act of religious or disability discrimination. Nevertheless, to avoid the costs and business distraction of protracted litigation, Gallagher wishes to settle this matter and resolve any matters in controversy between it, Charging Party, and the EEOC.

- 1 -

3. Gallagher and the EEOC agree to the jurisdiction of this Court over the Parties to this Decree and the subject matter of this action, and they agree to the power of this Court to enter a Consent Decree enforceable against Gallagher.

4. As to the issues resolved, this Decree is final and binding upon the Parties to the Decree and their successors and assigns. The EEOC and Gallagher jointly request this Court to adjudge as follows:

## IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### II. JURISDICTION

5. The EEOC and Gallagher stipulate to the jurisdiction of the Court over the Parties to the Decree and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

### III. TERM AND SCOPE

6. The Term of this Decree and all obligations hereunder shall be two (2) years from the date that the Court enters this Decree. During the term of the Decree, this Court shall retain jurisdiction of this cause for purposes of compliance and any disputes that may arise hereunder.

7. The terms of this Decree shall apply to the Midwest region of Gallagher's operating division, Gallagher Benefits Services, Inc., which has managerial and human resources responsibility for employees in the Centennial, Colorado office and which employed Mr. Noda.

## IV.  ISSUES RESOLVED

8.      This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII and the ADA that arise from the letter of determination the EEOC issued for Charge of Discrimination Number 541-2019-02738 which was filed by Yu "Rex" Noda.

9.      The terms of this Decree will be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Gallagher.

## V.  MONETARY RELIEF

10.      Within thirty (30) calendar days after the Court has entered the Decree, Gallagher will pay to Mr. Noda the amount of forty thousand dollars ($40,000.00) (the "Settlement Payment"). Gallagher shall issue one payment in the amount of $20,000.00 for Mr. Noda's backpay and which will be reported on IRS Form W-2 and one payment in the amount of $20,000.00, which will be paid to Mr. Noda as compensatory damages and reported on a Form 1099.

11.      Gallagher's agreement to pay the Settlement Payment will not condition the receipt of monetary relief upon Mr. Noda's agreement to (a) maintain as confidential the facts and/or allegations underlying the complaint and the terms of this Decree; (b) waive his statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with Gallagher; or (d) agree to a non-disparagement and/or

confidentiality agreement.

12.    Within thirty (30) calendar days after the Court has entered the Decree, Gallagher will transmit the Settlement Payments described in Paragraph 10 above to Mr. Noda based on payment instructions provided by the EEOC within fifteen (15) calendar days after entry of the Decree, or as may otherwise be directed by the EEOC. Gallagher shall be responsible for paying the employer's share of payroll taxes for the payment designated as backpay. Mr. Noda's payroll taxes shall be withheld based upon the W-4 he submitted as an employee of Gallagher or a newly submitted W-4, which is provided to Gallagher within fifteen (15) calendar days of the entry of the Decree. Gallagher shall provide Mr. Noda with a statement describing any lawful tax withholdings from the backpay amount. The compensatory damages payment shall be reported on IRS Form 1099 and shall not be subject to withholdings. By January 31, 2022, Gallagher shall issue Mr. Noda a United States Internal Revenue Service Form W-2 for all payments designated as backpay and United States Internal Revenue Service Form 1099 for all payments designated as compensatory damages. The compensatory damages award will be designated in box 3 on the 1099.

13.    Within five (5) business days after transmitting the Settlement Payments to Mr. Noda, Gallagher will notify the EEOC that the payment was made by submitting a brief statement of how payments were made and the dates of payment to the EEOC.

- 4 -

## VI. OTHER INDIVIDUAL RELIEF

14.     Within ten (10) business days after the Court's entry of the Decree, Gallagher will remove any negative performance documents and documents referring to his EEOC Charge from Mr. Noda's Corporate HR Personnel File, including any and all references to the allegations of discrimination filed against Gallagher that formed the basis of this action. For purposes of this Paragraph 14, negative performance documents are defined as any formal performance reviews or informal coaching documents, supervisory logs, communications, or documentation of meetings with Mr. Noda that criticize, critique, or disparage Mr. Noda's performance of his job duties.

15.     Within ten (10) business days after the Court's entry of the Decree and for the duration of this Decree, Gallagher will instruct any employees with human resources responsibilities for employees in the Centennial, Colorado office which employed Mr. Noda to respond to any requests for employment references for Mr. Noda in accordance with its HR US: Workplace Policies, a copy of which was provided to EEOC prior to submission of this Decree to the Court.  Mr. Noda will be informed by the EEOC to direct any requests for employment references solely to Gallagher's third-party reference provider, The Work Number, 800-367-2884, www.theworknumber.com, referencing employer code 13908.

## VII. EQUITABLE RELIEF

### *A. Injunctive Relief*

16.    Gallagher and its officers, agents, successors, management (including supervisory employees), and all other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice which discriminates on the basis of religion and/or disability as required by Title VII and the Americans with Disabilities Act.

### *B. Training*

17.    Within forty-five (45) calendar days after the Court enters this Decree, Gallagher will present two (2) hours of training on Title VII's and the ADA's prohibition on discrimination, including discrimination based on religion and on disability to the managerial and human resources employees assigned to the Midwest region of its operating division of Gallagher Benefit Services, Inc. All training under this Paragraph 17 shall be at Gallagher's selection and expense. Training will be by live or virtual presentation by an individual with experience in the federal laws prohibiting discrimination based on religion and disability. Participants in the training sessions will have the ability and opportunity to ask questions during the training sessions. For the duration of the Decree, any newly hired or promoted managerial and human resources employees to the Midwest region of the operating division of Gallagher Benefit Services, Inc. will also receive this training within sixty (60) calendar days of their start date (for

- 6 -

new hires) or promotion effective date. In the second year of the Decree, and at least ninety calendar days before expiration of the Decree, Gallagher will conduct a second training session of at least two (2) hours in duration for then employed managerial and human resources employees in the Midwest region operating division of Gallagher Benefit Services, Inc. The training in the second year of the Decree shall also include the topics of discrimination based on religion and disability and may more broadly cover Title VII and the ADA.

## VIII. RECORDKEEPING AND REPORTING

18.     Gallagher will remain in compliance with all recordkeeping obligations under federal laws prohibiting discrimination.

19.     Gallagher will make one report annually for the duration of the Decree to the EEOC that it has complied with this Decree's terms except that the last report submitted by Gallagher in the second year of the Decree shall be made at least sixty (60) calendar days before the Decree expires. Gallagher's report will include reporting as to the following:

a. Confirmation that payments to Mr. Noda were made pursuant to Paragraphs 10-13 of this Decree;

b. Confirmation of removal of information from Mr. Noda's Corporate HR Personnel File as described in Paragraph 14 of this Decree;

- 7 -

    c.   A declaration by a Gallagher's Human Resources manager that Gallagher has:

(1) received no reference requests concerning Mr. Noda; or (2) complied with

Paragraph 15 of this Decree;

    d.   A description of the training sessions required by Paragraph 17 of this Decree,

including the name and title (and affiliation if not a Gallagher employee) of the

trainer, a list of attendees, the dates of the training and a brief description of the

topics covered in each training sessions; and

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

20.    This Court will retain jurisdiction of this cause for purposes of assuring

compliance with this Decree and entry of such further orders or modifications as may be

necessary or appropriate to effectuate equal employment opportunities for employees.

21.    The Commission may petition this Court for compliance with this Decree

at any time during which this Court maintains jurisdiction over this action. Should the

Court determine that Gallagher has not complied with this Decree, appropriate relief,

including extension of this Decree for such period as may be necessary to remedy its

non-compliance, may be ordered.

22.    Before initiating enforcement actions under this Decree, the EEOC will

give Gallagher thirty (30) calendar days' notice of any alleged non-compliance with the

terms of the Decree. If Gallagher has not remedied the alleged non-compliance or has

not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief.

## X. EEOC AUTHORITY

23.     With respect to matters or charges outside the scope of this Decree, this Decree in no way limits the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

24.     There is no private right of action to enforce this Decree, and only the Commission may enforce Gallagher's obligations under this Decree.

## XI. COSTS AND ATTORNEYS FEES

25.     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

26.     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Mary Jo O'Neill
Regional Attorney
EEOC Phoenix District Office
3300 N. Central Ave., Ste. 690
Phoenix, AZ 85012

Nathan Foster
Trial Attorney

EEOC Denver Field Office
950 17th Street, Suite 300
Denver CO 80202

Roger Trim
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
2000 S. Colorado Boulevard

Tower Three, Suite 900
Denver, CO 80222

## XIII.  SIGNATURES

The Parties to this Decree agree to the entry of this Decree subject to final approval by

the Court.

SO ORDERED this _3rd_ day of _December_, 2021.

BY THE COURT:

_____

R. Brooke Jackson
Senior United States District Judge

BY CONSENT:

Equal Employment Opportunity
Commission

By: **Mary O'Neill** Digitally signed by Mary O'Neill
Date: 2021.11.29 16:37:26 -07'00'

Mary Jo O'Neill
Regional Attorney

Date: _____

APPROVED AS TO FORM:

**Loretta Medina** Digitally signed by Loretta
Medina
Date: 2021.11.30 12:05:44
-07'00'

Loretta Medina
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISION
500 Gold Ave. NW, Suite 6401
Albuquerque, NM 87102
loretta.medina@eeoc.gov

Nathan Foster
Trial Attorney
EEOC Denver Field Office
950 17th Street, Suite 300
Denver CO 80202
nathan.foster@eeoc.gov

Attorneys for Plaintiff EEOC

Date: November 30, 2021

Arthur J. Gallagher & Co.

By: _____

Stacy Setlak, Vice President
Human Resources, Gallagher
Benefits Services, Inc.

Date: 11 / 22 / 2021

Roger G. Trim
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
2000 S. Colorado Boulevard
Tower Three, Suite 900
Denver, CO 80222

Attorney for Defendant Arthur J.
Gallagher & Co.

Date: November 24, 2021

- 11 -